UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND D. ELLIOTT, a/k/a Raymond Elliott,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FREDDIE MAC; FANNIE MAE; GMAC; RESIDENTIAL FUNDING COMPANY; RESIDENTIAL CREDIT SOLUTIONS; HOMECOMINGS FINANCIAL LLC; and MORTGAGE ELEC. REG. SYS.,<br><br>　　　　　Defendants. | CIV. 18-5086-JLV<br><br>ORDER |

On December 3, 2018, plaintiff Raymond Elliott, appearing *pro se*, filed a complaint pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, against the defendants. (Docket 1). Mr. Elliott also filed a motion for preliminary injunction, together with a supporting affidavit and brief. (Dockets 2-4). Mr. Elliott did not pay the filing fee until July 25, 2019. Payment of the filing fee is a prerequisite to the commencement of a civil lawsuit.

On August 1, 2019, Mr. Elliott filed a motion for an emergency stay of the sale of a residence and a motion for a court date for a hearing. (Dockets 8 & 9). Mr. Elliott submitted the appropriate documents so that summonses could be issued by the Clerk of Court. (Docket 10).

On August 19, 2019, defendant Federal National Mortgage Association, "Fannie Mae," filed a motion to dismiss plaintiff's complaint pursuant to Fed.

R. Civ. P. 12(b)(6), together with supporting exhibits.  (Docket 11 and 11-1 through 11-10).   Pursuant to D.S.D. Civ. LR 7.1(B) plaintiff's response to defendant's motion to dismiss was not due until September 12, 2019.[1]

On August 26, 2019, Mr. Elliott filed a request for an emergency injunction, together with attached exhibits and an affidavit.  (Dockets 14, 14-1 & 15).   In the request, Mr. Elliott moves to add the name of another individual as a defendant.   (Docket 14 at p. 1).   Considering Mr. Elliott's *pro se* status, the court will treat plaintiff's request as a motion for a preliminary injunction pursuant to Fed. R. Civ. P. 65(a).   A preliminary injunction may only be issued after notice to the adverse party.   Fed. R. Civ. P. 65(a)(1).

On August 27, 2019, Defendant Fannie Mae filed a memorandum in opposition to plaintiff's motion for injunctive relief.  (Docket 16).   The defendant asserts Mr. Elliott cannot meet the factors for injunctive relief required by utilizing Dataphase.[2]   Id. at pp. 7-9.

On August 30, 2019, Mr. Elliott filed a reply memorandum in opposition to defendant's brief and in support of his request for injunctive relief.  (Docket

---

[1]Because the 21st day allowed by LR 7.1 falls on a Sunday, Fed. R. Civ. P. 6(a)(1)(C) permits filing on the following Monday.   In addition, because Mr. Elliott is not a participant in the court's CM/ECF electronic notice system, three additional days for service by mail are added pursuant to Fed. R. Civ. P. 6(d).   The Civil Local Rules of Practice for the United States District Court for the District of South Dakota may be found on the internet at: https://www.sdd.uscourts.gov/docs/rules/SOUTH_DAKOTA_CIVIL_LOCAL_RULES_5_16_11_FINAL.pdf.

[2]Dataphase Systems, Inc., v. CL Systems, Inc., 640 F.2d 109,114 (8th Cir. 1981).

18).  In his reply, Mr. Elliott relies solely on his rescission claim asserted in Elliott v. Ocwen Loan Servicing, LLC, 15-5038 (D.S.D. 2015).  Id. at p. 2.  Mr. Elliott does not address the Dataphase factors, either separately or jointly.

The court recognizes plaintiff's *pro se* status.  However, "[e]ven pro se litigants must comply with court rules and directives."  Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005).  Despite plaintiff's failure to present argument and evidence on each of the Dataphase factors, the court must complete the analysis to determine whether issuing a preliminary injunction is appropriate.  The Dataphase factors are:

(1) the threat of irreparable harm to the movant;
(2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant;
(3) the probability that movant will succeed on the merits; and
(4) the public interest.

Dataphase, 640 F.2d at 114.  The most significant factor is the probability of success on the merits.  Laclede Gas Co. v. St. Charles County, Mo., 713 F.3d 413, 419 (8th Cir. 2013) (internal quotations and citations omitted).  However, "a finding of a likelihood of success on the merits only justifies preliminary relief if there is a risk of irreparable harm and the balance of the factors support an injunction."  CDI Energy Services v. West River Pumps, Inc., 567 F.3d 398, 402 (8th Cir. 2009).  The court will address each of the Dataphase factors separately.

THREAT OF IRREPARABLE HARM TO THE MOVANT

It is well-established that a party is entitled to equitable relief only if there is no adequate remedy at law. Morales v. Trans World Airlines, Inc., 504 U.S. 374, 381 (1992). "To succeed in demonstrating a threat of irreparable harm, 'a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief.'" Roudachevski v. All-American Care Centers, Inc., 648 F.3d 701, 706 (8th Cir. 2011) (quoting Iowa Utilities Bd. v. Federal Communications Commission, 109 F.3d 418, 425 (8th Cir. 1996). "Speculative harm does not support a preliminary injunction." S.J.W. ex rel. Wilson v. Lee's Summit R-7 School District, 696 F.3d 771, 779 (8th Cir. 2012). Failure to show irreparable harm is an independently sufficient ground upon which to deny a preliminary injunction. See Adam-Mellang v. Apartment Search, Inc., 96 F.3d 297, 299 (8th Cir. 1996); Gelco Corp. v. Coniston Partners, 811 F.2d 414 (8th Cir. 1987).

Mr. Elliott claims the irreparable harm he will suffer is the loss of his farm and personal property. (Docket 15 at p. 4). He claims these anticipated losses "cannot be completely remedied by money damages afterward." Id.

Defendant argues plaintiff's claims, and the losses he claims, are "barred by the doctrine of *res judicata* [and Mr. Elliott is barred] from relitigating them here." (Docket 16 at p. 7). Defendant submits Mr. Elliott "cannot establish any legally cognizable harm, let alone one that is 'irreparable.'" Id.

4

Mr. Elliott acknowledges the case which addresses his claim of rescission was Elliott v. Ocwen Loan Servicing, LLC.  (Docket 4 ¶ 11).  It is Mr. Elliott's assertion "the main questions in [his current case] are those that were left unsolved from that case."  Id.  In Ocwen Loan Servicing, the court granted defendant's motion for summary judgment.  Elliott v. Ocwen Loan Servicing, 15-5038, Docket 53 at p. 12.  In that order, the court concluded "[t]he record does not demonstrate defendant ever owned plaintiff's $340,800 note, so defendant cannot be liable under TILA [the Truth in Lending Act]."  Id.

The company which did own the note and mortgage initiated a foreclosure action in state court and prevailed against Mr. Elliott.  See Federal Home Loan Mortgage Corporation v. Elliott, 19-5034 (D.S.D. 2019), Docket 1-1.  In the order of remand, this court reminded Mr. Elliott that "[o]n March 29, 2019, Circuit Court Judge Robert Mandel entered a judgment of eviction, further finding there were no genuine issue as to any material fact and that Federal Home was entitled to judgment as a matter of law."  Id., Docket 16 at pp. 2-3.  The order of remand was affirmed by the United States Court of Appeals for the Eighth Circuit.  Id., Docket 26.

"The doctrine of res judicata applies to repetitive suits involving the same cause of action."  Lundquist v. Rice Memorial Hospital, 238 F.3d 975, 977 (8th Cir. 2001).  "Final judgment on the merits of an action precludes the same parties [or related parties] from relitigating issues that were or could have been raised in that action."  Id.

Mr. Elliott's alleged irreparable harm evolves out of the mortgage foreclosure resolved by the state court. The court finds Mr. Elliott cannot establish in this case that he will suffer irreparable harm if a preliminary injunction does not issue.

"Once a court determines that the movant has failed to show irreparable harm absent an injunction, the inquiry is finished and the denial of the injunctive request is warranted." Gelco Corp., 811 F.2d at 420.

BALANCE OF HARMS

"[T]he balance of harm analysis examines the harm of granting or denying the injunction upon both of the parties to the dispute and upon other interested parties, including the public." Uncle B's Bakery, Inc. v. O'Rourke, 920 F. Supp. 1405, 1436 (N.D. Iowa 1996) (citing Dataphase Systems, Inc., 640 F.2d at 114).

Federal Home Loan Mortgage Corporation is a party interested in the outcome of this case. See Federal Home Loan Mortgage Corporation v. Elliott, 19-5034, Docket 16. But res judicata prevents Mr. Elliott from adding Federal Home Loan Mortgage as a party defendant in this case. Lundquist, 238 F.3d at 977. Mr. Elliott "had one full and fair opportunity to litigate these issues in the [state] forum, and the rules of equity do not require that [he] be given a second bite at the apple in the [federal] forum in order to obtain a more favorable result." In re SDDS, Inc., 97 F.3d 1030, 1041 (8th Cir. 1996).

6

The court finds the balance of harms factor mitigates in favor of defendant Fannie Mae.

THE PROBABILITY OF SUCCESS ON THE MERITS

The court ordinarily is not required at an early stage to draw the fine line between a mathematical probability and a substantial possibility of success. This endeavor may, of course, be necessary in some circumstances when the balance of equities may come to require a more careful evaluation of the merits. But where the balance of other factors tips decidedly toward plaintiff a preliminary injunction may issue if movant has raised questions so serious and difficult as to call for more deliberate investigation. This is commonly referred to as the "fair chance of prevailing test" of success standard. Dataphase, 640 F.2d at 113. For the reasons stated earlier in this order, the court finds Mr. Elliott does not state a "fair chance of prevailing" on his claims against the defendants. Id.

The third factor does not favor Mr. Elliott.

THE PUBLIC INTEREST

This evaluation requires a "flexible consideration" of all four factors. Planned Parenthood of Minnesota, North Dakota, South Dakota v. Rounds, 530 F.3d 724, 729 (8th Cir. 2008) (internal citation omitted). Under Dataphase the district court should consider "the injury that granting the injunction will inflict on other parties litigant." 640 F.2d at 113.

The public interest in this case is the court's obligation to preserve the integrity of court procedure and not allow a disgruntled, previously unsuccessful litigant to engage in multiple, meritless attempts to achieve what

he could not achieve in the state mortgage foreclosure proceeding.  In re SDDS, Inc., 97 F.3d 1030 at 1041.

The court finds the public interest factor weighs in favor of denying Mr. Elliott's request for injunctive relief.

CONCLUSION

The court finds all four Dataphase factors weigh in favor of denying Mr. Elliott's request for injunctive relief.  The court denies Mr. Elliott's motion for a preliminary injunction, the motion for an emergency stay of the sale of the residence, and eviction and the request for an emergency injunction.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion for a preliminary injunction (Docket 2) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for an emergency stay of the sale of the residence and eviction (Docket 8) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a court date for hearing (Docket 9) is denied as moot.

IT IS FURTHER ORDERED that plaintiff's motion for an emergency injunction (Docket 14) is denied.

Dated September 23, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE