UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND D. ELLIOTT, a/k/a Raymond Elliott,<br><br>    Plaintiff,<br><br>vs.<br><br>FREDDIE MAC; FANNIE MAE; GMAC; RESIDENTIAL FUNDING COMPANY; RESIDENTIAL CREDIT SOLUTIONS; HOMECOMINGS FINANCIAL LLC; and MORTGAGE ELEC. REG. SYS.,<br><br>    Defendants. | CIV. 18-5086-JLV<br><br>ORDER |

  On December 3, 2018, plaintiff Raymond Elliott, appearing *pro se*, filed a complaint pursuant to the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, against the defendants. (Docket 1). On August 19, 2019, defendant Federal National Mortgage Association, "Fannie Mae," filed a motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6), together with supporting exhibits. (Docket 11 and 11-1 through 11-10). Pursuant to D.S.D. Civ. LR 7.1(B) plaintiff's response to defendant's motion to dismiss was due on September 12, 2019. The court reminded Mr. Elliott of this deadline by a September 23, 2019, order. (Docket 19 at p. 2). Despite the reminder, Mr. Elliott did not file a response to Fannie Mae's motion to dismiss and the time for doing so has expired.

Mr. Elliott's *pro se* status does not entitle him to disregard the Federal Rules of Civil Procedure. Bennett v. Dr. Pepper/Seven Up, Inc., 295 F.3d 805, 808 (8th Cir. 2002). *Pro se* litigants "must comply with court rules and directives." Soliman v. Johanns, 412 F.3d 920, 922 (8th Cir. 2005). However, Mr. Elliott's failure to respond to defendant's motion to dismiss "does not automatically compel resolution of [the motion] in favor of [defendants]." United States v. One Parcel of Real Prop., 27 F.3d 327, 329 n.1 (8th Cir. 1994); see also Canada v. Union Elec. Co., 135 F.3d 1211, 1213 (8th Cir. 1997) ("When a motion would be dispositive of the merits of the cause if granted, courts should normally not treat a failure to respond to the motion as conclusive."); Soliman, 412 F.3d at 922 (determining whether summary judgment was appropriate on the merits despite a plaintiff's failure to respond to a defendant's summary judgment motion). See also Fed. R. Civ. P. 41(b); Burgs v. Sissel, 745 F.2d 526, 528 (8th Cir. 1984) ("A district court has [the] power to dismiss an action for refusal of the plaintiff to comply with any order of court, Fed. R. Civ. P. 41(b), and such action may be taken on the court's own motion.").

The court need not reach the merits of defendant's motion and declines to do so. The court had no duty to advise a plaintiff of his obligation to respond to defendant's motion and the procedure for doing so. See Bennett, 295 F.3d at 808 (holding the district court did not have an affirmative duty to advise a *pro se* litigant of the date by which he was to respond to a motion);

Beck v. Skon, 253 F.3d 330, 333 (8th Cir. 2001) (holding the district court was not required to instruct a *pro se* litigant on how to properly respond to a motion for summary judgment).  "A district court has discretion to dismiss an action under [Fed. R. Civ. P. 41(b)] for a plaintiff's failure to prosecute, or to comply with Federal Rules of Civil Procedure or any court order."  Henderson v. Renaissance Grand Hotel, 267 Fed. App'x 496, 497 (8th Cir. 2008) (citations omitted); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-33 (1962) (holding a district court may dismiss an action under Rule 41(b) on its own initiative and "without affording notice of its intention to do so or providing an adversary hearing before acting[,]" and recognizing a district court has the inherent authority to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases[]").  The court finds dismissal of Mr. Elliott's complaint is appropriate given his disregard of the Federal Rules of Civil Procedure and the court's local rules.

The court next must determine whether the dismissal of Mr. Elliott's complaint should be with or without prejudice.  "Dismissal with prejudice is an extreme sanction and should be used in cases of willful disobedience of a court order or continued persistent failure to prosecute a complaint."  Givens v. A.H. Robins Co., Inc., 751 F.2d 261, 263 (8th Cir. 1984).

In a previous order in this case, the court noted that Mr. Elliott filed an earlier case asserting a claim of rescission.  (Docket 19 at p. 5).  That case was Elliott v. Ocwen Loan Servicing, LLC, CIV. 15-5038 (D.S.D. 2015).  In the

present litigation, "[i]t is Mr. Elliott's assertion "the main questions in [his current case] are those that were left unsolved from that case." (Docket 19 at p. 5) (referencing Docket 4 ¶ 11). "In Ocwen Loan Servicing, the court granted defendant's motion for summary judgment." Id. (referencing Elliott v. Ocwen Loan Servicing, 15-5038, Docket 53 at p. 12). In Ocwen Loan Servicing order, "the court concluded '[t]he record does not demonstrate defendant ever owned plaintiff's $340,800 note, so defendant cannot be liable under TILA [the Truth in Lending Act].'" Id. (referencing Elliott v. Ocwen Loan Servicing, 15-5038, Docket 53 at p. 12).

In the earlier order, the court further noted "[t]he company which did own the note and mortgage initiated a foreclosure action in state court and prevailed against Mr. Elliott." Id. (referencing Federal Home Loan Mortgage Corporation v. Elliott, 19-5034 (D.S.D. 2019), Docket 1-1). "Circuit Court Judge Robert Mandel entered a judgment of eviction" on March 29, 2019, "finding there were no genuine issue[s] as to any material fact and that Federal Home was entitled to judgment as a matter of law." Id. (referencing Federal Home Loan Mortgage Corporation v. Elliott, 19-5034, Docket 16 at pp. 2-3). "The doctrine of res judicata applies to repetitive suits involving the same cause of action." Id. (citing Lundquist v. Rice Memorial Hospital, 238 F.3d 975, 977 (8th Cir. 2001)). "Final judgment on the merits of an action precludes the same parties [or related parties] from relitigating issues that were or could have been raised in that action." Id. (citing Lundquist, 238 F.3d at 977).

"Mr. Elliott's alleged harm evolves out of the mortgage foreclosure resolved by the state court. . . . Federal Home Loan Mortgage Corporation is a party interested in the outcome of this case." Id. at p. 6 (referencing Federal Home Loan Mortgage Corp., 19-5034, Docket 16). "But res judicata prevents Mr. Elliott from adding Federal Home Loan Mortgage as a party defendant in this case." Id. (referencing Lundquist, 238 F.3d at 977). In the earlier order, the court found "Mr. Elliott 'had one full and fair opportunity to litigate these issues in the [state] forum, and the rules of equity do not require that [he] be given a second bite at the apple in the [federal] forum in order to obtain a more favorable result.'" Id. (citing In re SDDS, Inc., 97 F.3d 1030, 1041 (8th Cir. 1996)).

The court finds based on the posture of this case that dismissal of Mr. Elliott's complaint with prejudice is appropriate. Pursuant to Rule 41(b) and the court's inherent authority, it is

ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

IT IS FURTHER ORDERED that defendant Fannie Mae's motion to dismiss (Docket 11) is denied as moot.

Dated November 25, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE